[No. 3265, Sept. 3, 1927.]

Ex parte ARMIJO.

[259 Pac. 820.]

SYLLABUS BY THE COURT

Section 3528, Code 1915, is not repealed as to its criminal provisions by chapter 162, Laws 1919.

Criminal application of Juan Armijo for a writ of habeas corpus. Petition dismissed, and petitioner remanded to custody.

Hanna & Wilson, of Albuquerque, for relator.

Frank H. Patton, Asst. Atty. Gen., for respondent.

OPINION OF THE COURT

PARKER, C. J.   The petitioner was tried and convicted of usury and fined by a justice of the peace of Bernalillo county. In default of payment of the fine he was committed to the county jail. He thereupon sued out a writ of habeas corpus in this court to secure his release.

The proceedings against the prisoner were prosecuted under the provisions of section 3528, Code 1915. This section is section 1, c. 80, Laws 1884, and is strictly a criminal statute.

The first statute on the subject of usury was the act of January 25, 1866 (Prince's Gen. Laws, p. 421), which made it a crime to exact more than the legal rate of interest. By chapter 19, Laws 1872 (Prince's Stats. p. 414), the plea of usury was abolished. By chapter 25, Laws 1882, the act of 1872 was expressly repealed, and the legal rates of interest on open accounts and contracts were fixed, and provision was made that no recovery could be had at a greater rate.

In Milligan v. Cromwell, 3 N. M. 557, 9 P. 359, the territorial court examined these statutes, and held that the act of 1872 repealed the act of 1866, and that the

[1] 39CYC p. 1096 n. 98.

repeal of the act of 1872 by the act of 1882 did not revive the act of 1866. In 1884 the territory returned to the criminal feature as a punishment for usury and enacted chapter 80, Laws 1884, which now appears as section 3528, Code 1915. By chapter 162, Laws 1919, a civil consequence of usury rather than any criminal consequence is indicated. The title of the act is "An act fixing the maximum rate of interest, defining usury and prescribing the penalty for exacting the same." Section 1 of the act prescribes the maximum lawful rate of interest. Section 2 of the act is as follows:

"If a greater rate of interest than is hereinbefore, in section 1, allowed, shall be contracted for or received or reserved, the contract shall not therefore be void; but in any action on such contract, proof may be made that a greater rate of interest has been directly or indirectly contracted for or taken or reserved, and the plaintiff shall recover only the principal less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of interest paid and less the amount of all accrued and unpaid interest."

Section 5 of the act is a general repealing clause of all acts in conflict with the chapter.

The argument is put forward in behalf of the petitioner that the act of 1919 covers the whole subject-matter, and therefore repeals section 3528, Code 1915, by necessary implication.

It is to be noted that the act of 1884 fixes the maximum rate of interest at 12 per cent., while the act of 1919 fixes the rate at 10 per cent. It is not criminal under either of these acts to charge more than 10 per cent., under the act of 1884 because not within its terms, and under the act of 1919 because such consequence does not follow from a violation of its provisions. It thus appears that the two acts do not cover the same field, and are not necessarily antagonistic. Counsel for petitioner relies much upon the title of the act of 1919 as indicating a legislative intention to cover the whole subject of usury. The argument is not without force. But the fact remains that the title, when it is

broader than the provisions of the act, cannot be held to broaden its provisions beyond their terms. Under the provisions of these two acts if interest is charged in excess of 10 per cent., the party is subject to certain forfeitures, and if interest is charged in excess of 12 per cent., the party is liable criminally. The well understood canon of construction that repeals by implication are not favored operates in this case. The other principle of construction that a later statute covering the whole subject repeals a former statute, although no absolute inconsistency between the two acts exists in all particulars, has no application here, because the later statute does not cover the same field as the earlier one and does not purport to be a complete system.

It follows that the petition should be dismissed and the petitioner remanded to custody, and it is so ordered.

BICKLEY and WATSON, JJ., concur. ,